**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHAU QUANG LAI,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2854** |
| **v.** | : | **(JUDGE MANNION)** |
| **JESSICA SAGE,** | : | |
| **Respondent.** | : | |

## MEMORANDUM

Pending before the Court is Chau Quang Lai's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Petitioner's petition will be **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner was born in Vietnam and holds citizenship in China. (Doc. 9-4 at 2). He entered the United States at San Francisco, California, as a P-22 (unmarried son or daughter of a licensed permanent resident) on February 20, 1990. *Id.* at 3.

On July 20, 2015, Petitioner was issued a Notice to Appear before an immigration judge ("IJ") for violations of the Immigration and Nationality Act ("INA") §237(a)(2)(A)(ii) and (iii). *Id.* On October 14, 2015, Petitioner was ordered removed by an IJ in York, Pennsylvania. *Id.* However, on January 9,

2017, the IJ amended his previous order showing removal to Vietnam and China. (Doc. 9-6).

On October 30, 2015, Petitioner was given a Chinese travel document ("TD") application to fill out and return by November 2, 2015. (Doc 9-2, ¶11). On November 3, 2015, Petitioner returned with a half-completed application and requested assistance in Chinese. The docket officer assisted Petitioner with getting the TD application filled out in Chinese. *Id.*, ¶12. On November 10, 2025, the TD request was uploaded into the electronic TD system. *Id.*, ¶13. On December 23, 2015, Enforcement and Removal Operations ("ERO") completed a 90-day Post Custody Order Review ("POCR") where it was determined that Petitioner should remain in custody. *Id.*, ¶15. Between November 2015 And March 2016, ERO requested TD status updates eight times; it was advised that the requested TD remained pending. *Id.*, ¶¶14, 16. On April 22, 2016, a 180-day POCR determined that Petitioner should remain detained. *Id.*, ¶17. Between April and August 2016, ERO requested a status update on Petitioner's TD five times; however, the TD request remained pending. *Id.*, ¶18.

On September 12, 2016, ERO was informed that on July 25, 2016, a TD request was submitted to the Ministry of Public Service ("MPS") in Beijing, China. *Id.*, ¶19. On October 27, 2016, a 360-day POCR determined that

Petitioner was to remain in custody. *Id.*, ¶20. ERO requested status updates on Petitioner's TD five times between October and December 2016; however, the TD request remained pending. *Id.*, ¶21. On December 29, 2016, ICE placed Petitioner on supervised release. *Id.*, ¶22.

As an important aside, since his arrival to the United States, Petitioner has accumulated a lengthy criminal history. On July 11, 1996, the Philadelphia County Court of Common Pleas ("PCCCP") convicted Petitioner of simple assault and recklessly endangering another person. (Doc. 9-4 at 2). On November 22, 1996, PCCCP convicted Petitioner of driving under the influence ("DUI"), and DUI as a second offense. *Id.* On May 16, 2001, PCCCP convicted Petitioner of criminal trespassing, contempt of court, stalking, terroristic threats, and recklessly endangering another person. *Id.* On April 2, 2009, the Luzerne County Court of Common Pleas ("LCCCP") convicted Petitioner of simple assault. *Id.* On May 4, 2009, LCCCP convicted Petitioner of DUI. *Id.* On September 18, 2013, PCCCP convicted Petitioner of aggravated assault. *Id.* On August 9, 2018, PCCCP convicted petitioner of aggravated assault. *Id.* at 3. Finally, on October 7, 2025, PCCCP convicted Petitioner of terroristic threats with intent to terrorize another and assault of a law enforcement officer. *Id.*

On November 20, 2025, Philadelphia ERO encountered Petitioner upon his incarceration at the Pennsylvania Department of Corrections. *Id.* at 2. Petitioner was taken into ICE custody on a detainer at SCI Benner Township on June 10, 2026. (Doc. 9-7). He was booked at the Moshannon Valley Processing Center. (Doc. 9-2, ¶33). On June 15, 2026, a supervised release revocation was signed and served to Petitioner, because circumstances changed such that there was a significant likelihood of removal in the reasonably foreseeable future. *Id.*, ¶34; *see also* (Doc. 9-8).

On June 18, 2026, Petitioner was transferred to FCI Lewisburg, located in the Middle District of Pennsylvania. (Doc. 9-2, ¶35). On July 27, 2026, a TD request was sent to the Consulate. *Id.*, ¶36. Deportation Officer Alex Hans states: "[P]etitioner is awaiting a [TD] to China. Due to China's cooperation in the recent past with its approval of TDs and ERO's success in removing people to China . . . it is anticipated that a TD will be issued and Petitioner's removal from the United States is significantly likely within the reasonably foreseeable future." *Id.*, ¶38. Respondent has also indicated that a charter flight has been arranged for Petitioner's travel to China for October 2026, but the Court has not been apprised with any updates. *Id.*, ¶37.

On September 25, 2026, Petitioner filed the instant petition. (Doc. 1). On October 10, 2026, Respondent filed a response to the petition. (Doc. 9).

On October 26, 2026, Petitioner filed a traverse. (Doc. 11). Accordingly, the petition is now ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions[.]").

§1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that

§1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process[.]").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents' 'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies[.]'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)).

Here, further administrative review would be pointless, as Petitioner is detained under 8 U.S.C. §1231, which precludes immigration judges from holding a bond hearing. *See Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022) (holding that the Government is not required to offer bond hearings after six months of detention to noncitizens held beyond the 90-day removal period set by §1231).

**c. Merits**

Petitioner argues that his detention has become unlawfully prolonged and that he, therefore, should be released from custody. When an immigration detainee has been given a final order of removal, his detention is governed by 8 U.S.C. §1231. Under the statute, the Government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). This ninety day "removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final[;] (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. §1231(a)(1)(B).

In *Zadvydas v. Davis*, the Supreme Court held that the Government may not detain aliens indefinitely following a final order of removal. 533 U.S.

678, 689 (2001). Indeed, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. However, the court noted that it "doubt[ed] that when Congress shortened the removal period to 90 days in 1996 it believed that all reasonably foreseeable removals could be accomplished in that time." *Id.* at 701. Accordingly, the Court reasoned that detention for up to 6 months following a final order of removal is "presumptively reasonable." *Id.* "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Further, "for detention to remain reasonable, as the period of prior postremoval grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Here, Petitioner's order of removal became administratively final on January 9, 2017, when the IJ issued an amended final order of removal, and Petitioner waived his right to appeal. (Doc. 9-6); 8 C.F.R. §1241.1(b) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon waiver of appeal by the respondent."). While he was subject to a final order of removal for over nine years, Petitioner did not enter ICE custody until June 15, 2026. (Doc. 9-8). Therefore, his detention under §1231 is still within the

6-month "presumptively reasonable" period. *Zadvydas*, 33 U.S. at 701. Moreover, there is not yet any reason to believe he will not be deported in the reasonably foreseeable future. Accordingly, at this time, Petitioner's detention is not unconstitutionally prolonged. *Id.*

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
26-2854-01